## School District No. 3, in Sanford *versus* Thaddeus Brooks.

A school district cannot maintain an action to recover the school money assigned by the town for the support of schools in that district against their school agent, although he has received it of the town.

Exceptions from the Western District Court, Goodenow J. presiding.

Assumpsit for money had and received by the defendant, to the use of the plaintiffs.

The plaintiffs offered to prove that the town of Sanford raised a sum of money for the support of schools, and that a certain portion thereof was assigned to the plaintiffs, as their proportion of the school money ; that the town neither chose a school agent that year, nor authorized the district to choose

one, but that the defendant was chosen by the district as school agent, and as such received from the town sixty-five dollars and fifty cents, as school money belonging to the district. There were certain questions raised in relation to the respective rights of the district and of the agent to appropriate the money, but the decision was on other grounds.

The presiding Judge ruled, that the action could not be maintained on such proof, and none other being offered, a nonsuit was entered; and the plaintiffs filed exceptions.

*Appleton*, for the plaintiffs, contended that the action could be maintained. So far as it respects this action, Rev. St. c. 17, is the same as the statute of 1834, on this subject. The school agent is the agent for the district, however chosen, and the school district, and not the town, had the exclusive right to appropriate the money. When the proportion belonging. to the district is assigned, it belongs to the school district, and not to the town. 23 Pick. 62; 15 Pick. 35; 21 Pick. 75; 10 N. H. R. 72 & 96; 3 Fairf. 254.

The defendant received the money as the agent of the district, and for it, and cannot now deny the right of the district to call the money out of his hands.

*W. A. Hayes*, for the defendant, said that by law the right, duty and obligation of maintaining schools was on the town. The district, as such, has no right to set up or maintain a school, and cannot raise and collect money for such purpose. Neither the school district, nor the school agent, have any right to receive the money. If instructors are legally employed, the town is liable to them for their services, and not the district; and if the district receives the money of the town, it does not exempt the latter from their liability to the instructors. The school district has no right to the custody of the money, and it is not the practice in other places to pay it over to the district, or to the school agent, but directly to the persons employed. He commented upon the various provisions of the statute to show, that his views were correct; and cited 11 Pick. 260, and 23 Pick. 225.

School District No. 3, in Sanford *v.* Brooks.

BY THE COURT. — School districts are under no legal obligations to support schools, and have no power to raise money for that object. The law imposes this duty on towns. They are to raise and collect the money, and pay the instructors. Nor have the school districts any right to the custody of the money. This action cannot be maintained.

*Exceptions overruled.*